IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| VARTIS LANE, | : |
| Petitioner | : |
| VS. | :     7 : 05-CV-102 (HL) |
| JAMES DONALD, Commissioner, Georgia Dep't. of Corrections, | : |
| Respondent. | : |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss this petition as untimely filed. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was signed by the petitioner on September 9, 2005, and filed with this court on September 16, 2005.

The petitioner was convicted on charges of child molestation in the Tift County Superior Court on January 26, 2000. His conviction was upheld on direct appeal, and his application for certiorari to the Georgia Supreme Court was denied on January 9, 2002, making petitioner's conviction and sentence final on April 9, 2002, when the ninety (90) day period for filing an application for certiorari to the United States Supreme Court expired. The petitioner filed a state habeas petition in the Superior Court of Lee County on October 21, 2002. Relief was denied on February 19, 2004, and petitioner's application for a certificate of probable cause to appeal was denied on September 15, 2004. The petitioner then filed this federal habeas petition on

September 16, 2005.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

Inasmuch as the one-year statute of limitations is tolled during the pendency of any "properly filed application for state post-conviction or other collateral review", the petitioner's filing of a state habeas petition on October 21, 2002, tolled the one-year statute of limitations. § 2244 (d)(2). At the time of the filing of the state petition, 194 days of the 365-day limitations period had elapsed, leaving 171 days for the petitioner to file his federal petition once the state habeas proceedings were completed on September 15, 2004. Thus, the petitioner had until on or about March 5, 2005, to file his federal habeas petition. Inasmuch as the petitioner did not file this federal petition until September 2005, his petition was clearly untimely. The court notes that the petitioner mistakenly argues that he had one full year to file his federal habeas following the completion of collateral review in September 2004. At the time petitioner's state habeas proceedings were completed, a significant portion of the one-year period of limitations had already elapsed.

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to

Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 1st day of June, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE